The State of Ohio, Appellant, v. Keeton et al., Appellees.

[Cite as State v. Keeton (1985), 18 Ohio St. 3d 379.]

(No. 84-1753—Decided August 7, 1985.)

380

*Frederick D. Pepple,* prosecuting attorney, for appellant.
*William E. Huber,* for appellees.

CLIFFORD F. BROWN, J. R.C. 2945.67(A) states:

"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and *may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case* or of the juvenile court in a delinquency case." (Emphasis added.)

The court of appeals denied leave to appeal, finding it lacked jurisdiction, citing *State* v. *Lewis* (1982), 4 Ohio App. 3d 275. This court is aware that the double-jeopardy protections of the United States Constitution and

the Ohio Constitution bar the retrial of the defendants.[1] However, in addition to those rulings in which the state is granted an appeal as of right pursuant to R.C. 2945.67(A) the state may, by leave of the appellate court, appeal any decision of a trial court in a criminal case which is adverse to the state, except a final verdict.

A directed verdict of acquittal by the trial judge in a criminal case is a "final verdict" within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute.

However, the evidentiary rulings in this case, while they do not fall within the provisions of R.C. 2945.67(A) granting an appeal as of right, do fall within the language of "any other decision, except the final verdict * * *" in R.C. 2945.67(A) which permits an appeal to the court of appeals after leave has first been obtained.

The state in seeking "appeal by leave of the court to which the appeal is taken" under R.C. 2945.67(A) must follow the procedure outlined in *State* v. *Wallace* (1975), 43 Ohio St. 2d 1 [72 O.O.2d 1]. This includes compliance with App. R. 5(A). Under these procedural guidelines the court of appeals in this cause must decide, upon remand, whether in its sound discretion the state should be granted leave to appeal the above-mentioned decision of the trial court.

Therefore, the judgments of the court of appeals are reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgments reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

---

[1] See *State* v. *Calhoun* (1985), 18 Ohio St. 3d 373, for a discussion of the double-jeopardy bar to retrial.