MANROW, APPELLANT, *v.* COURT OF COMMON PLEAS OF LUCAS COUNTY, JUVENILE DIVISION; SHASTA COUNTY, CALIFORNIA, EX REL. MANROW, APPELLEE.

[Cite as Manrow *v.* Court of Common Pleas of Lucas Cty. (1985), 20 Ohio St. 3d 37.]

(No. 84-1700—Decided November 20, 1985.)

*Goldstein & Hetzer* and *Jeffrey I. Goldstein,* for appellant.

*Anthony G. Pizza,* prosecuting attorney, and *Robert L. Schiffer,* for appellee.

*Per Curiam.* In order for a writ of prohibition to issue, relator-appellant must establish that: (1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists. *State, ex rel. Corrigan,* v. *Griffin* (1984), 14 Ohio St. 3d 26, 27; *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76 [15 O.O.3d 117].

Clearly, the first condition of this tripartite test is present. The judge of the juvenile court has issued an order compelling relator to respond to the submitted interrogatories and a referee of the court has recommended that relator be held in contempt of court. In addition, the juvenile court has stayed the disposition of the matter pending the adjudication of the within writ of prohibition.

The existence of the latter two conditions is less apparent. Pursuant to R.C. 2151.23(B)(3), a juvenile court has original jurisdiction under the Uniform Reciprocal Enforcement of Support Act in R.C. Chapter 3115. Hence, there can be no question that the juvenile court has the jurisdiction to adjudicate the matter pending before it.

Further, it appears that relator has failed to substantiate that there is no other adequate remedy available in which to address the alleged constitutional violation in the within cause. This court has consistently held that a writ of prohibition is not a substitute for an appeal. *State, ex rel. Ruffin,* v. *Court of Common Pleas* (1976), 46 Ohio St. 2d 58 [75 O.O.2d 142]; *State, ex rel. Heimann,* v. *George* (1976), 45 Ohio St. 2d 231 [74 O.O.2d 376]. In the case at bar, if the juvenile court were to uphold the referee's recommendation and find relator in contempt, then relator would have a right, pursuant to R.C. 2705.09, to appeal such a finding. Accordingly, relator has an available adequate remedy in the ordinary course of the law.

For the reasons set forth in this opinion, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., not participating.