THE STATE, EX REL. YATES, *v.* COURT OF APPEALS FOR MONTGOMERY COUNTY.

[Cite as State, ex rel. Yates, *v.* Court of Appeals for Montgomery Cty. (1987), 32 Ohio St. 3d 30.]

(No. 86-743—Decided August 12, 1987.)

*Kurt R. Portmann,* county public defender, and *Paul M. Courtney,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *David E. Northrop,* for respondent.

HERBERT R. BROWN, J.

The central issue is whether the judgment of acquittal, entered by the trial court pursuant to Crim. R. 29(C), is a final verdict within the meaning of R.C. 2945.67. For the reasons which follow, we hold that it is and that, con-sequently, the state could not appeal therefrom. We further hold that the writ of prohibition should be granted to prevent the court of appeals from exercising jurisdiction.

I

R.C. 2945.67, in pertinent part, provides:

"(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general * * * may appeal by leave of the court to which the appeal is taken any other decision, *except the final verdict,* of the trial court in a criminal case or of the juvenile court in a delinquency case." (Emphasis added.)

The respondent granted the state's motion for leave to appeal on the basis that judgments of acquittal granted pursuant to Crim. R. 29(C)[1] are not final verdicts. Respondent argues that R.C. 2945.67(A) was written broadly and designed to prevent a criminal defendant from being placed in double jeopardy. Here, a reversal of the trial court's judgment of acquittal would reinstate the jury verdict of guilty and, therefore, respondent states, there would be no violation of relator's guarantee against double jeopardy.

Respondent urges us to follow

---

[1] Crim. R. 29(A) provides:

"Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

Crim R. 29(C) provides:

"Motion after verdict or discharge of jury. If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury."

holdings by the United States Supreme Court to the effect that the constitutional Double Jeopardy Clause does not bar a government appeal where the successful prosecution of the appeal would not require a new trial. *United States* v. *Scott* (1978), 437 U.S. 82; *United States* v. *Wilson* (1975), 420 U.S. 332.

Respondent's argument is not persuasive. R.C. 2945.67(A) has no analogous federal counterpart. The federal Criminal Appeals Act, Section 3731, Title 18, U.S. Code, provides, in pertinent part:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that *no appeal shall lie where the double jeopardy clause* of the United States Constitution prohibits further prosecution." (Emphasis added.)

The issue under Ohio law is not one of double jeopardy but rather whether a judgment of acquittal pursuant to Crim. R. 29(C) is a final verdict. This distinction was recognized by Justice Rehnquist in *Scott, supra,* who noted that in 1971 Congress adopted a new Criminal Appeals Act which shifted the focus from issues of statutory construction to issues involving the meaning and scope of the Double Jeopardy Clause. The court's opinion in *Scott* acknowledges:

"In our first encounter with the new statute, we concluded that 'Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit.' *United States* v. *Wilson,* 420 U.S. 332, 337 (1975)." *Scott, supra,* at 85. The Ohio Legislature has not taken that step.

In *State* v. *Keeton* (1985), 18 Ohio St. 3d 379, 18 OBR 434, 481 N.E. 2d 629, this court had occasion to consider a judgment of acquittal granted pursuant to Crim. R. 29(A). We held, at paragraph two of the syllabus:

"A directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute."

Respondent would distinguish *Keeton* on the ground that acquittal pursuant to Crim. R. 29(A) leads to double jeopardy whereas acquittal pursuant to Crim. R. 29(C) does not. However, as noted, R.C. 2945.67(A) prevents an appeal of *any* final verdict and is not tied to the Double Jeopardy Clause. Moreover, our opinion in *Keeton* draws no distinction between Rules 29(A) and 29(C).

Respondent makes the unpersuasive argument that a judgment of acquittal under Rule 29(A) is a final verdict but a judgment of acquittal under Rule 29(C) is not, even if both are grounded on a determination by the trial judge that the state produced insufficient evidence to convict. We reject such an incongruous result. The judgment of acquittal in the case *sub judice,* though entered after a jury verdict and upon the authority of Crim. R. 29(C), was grounded upon insufficiency of evidence.[2] It is a factual

---

[2] The significance of a factual insufficiency in the state's case was recognized by this court in *State* v. *Calhoun* (1985), 18 Ohio St. 3d 373, 376, 18 OBR 429, 432, 481 N.E. 2d 624, 626, wherein Justice Douglas wrote:

"* * * This court fully recognizes that the termination on such a ground would be tantamount to an acquittal and would operate as a bar to any further prosecution. * * *"

determination of innocence and as much a final verdict as any judgment of acquittal granted pursuant to Crim. R. 29(A).

Accordingly, we hold that a judgment of acquittal by a trial judge pursuant to Crim. R. 29(C) is a final verdict within the meaning of R.C. 2945.67(A), and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute.

## II

We now consider whether a writ of prohibition should be allowed. This court has consistently held that in order for a writ of prohibition to issue, a relator must establish: (1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists. *Manrow* v. *Court of Common Pleas of Lucas Cty.* (1985), 20 Ohio St. 3d 37, 20 OBR 285, 485 N.E. 2d 713; *State, ex rel. Corrigan,* v. *Griffin* (1984), 14 Ohio St. 3d 26, 14 OBR 328, 470 N.E. 2d 894. A writ of prohibition cannot serve as a substitute for an appeal. *Manrow, supra; State, ex rel. Ruffin,* v. *Court of Common Pleas* (1976), 46 Ohio St. 2d 58, 75 O.O. 2d 142, 346 N.E. 2d 325.

However, where an inferior court is without jurisdiction to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. *State, ex rel. Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 58, 25 OBR 77, 81, 495 N.E. 2d 16, 21; *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 59 O.O. 2d 387, 388, 285 N.E. 2d 22, 24. See, also,

*State, ex rel. Tempero,* v. *Colopy* (1962), 173 Ohio St. 122, 123, 18 O.O. 2d 366, 367, 180 N.E. 2d 273, 274; and *State, ex rel. Gelman,* v. *Common Pleas Court* (1961), 172 Ohio St. 70, 72, 15 O.O. 2d 131, 132, 173 N.E. 2d 343, 344.

For the reasons discussed in this opinion, the writ of prohibition is allowed.

*Writ allowed.*

MOYER, C.J., LOCHER and WRIGHT, JJ., concur.

SWEENEY, HOLMES and DOUGLAS, JJ., dissent.

HOLMES, J., dissenting. By providing protections to criminal defendants far in excess of the Constitution's double jeopardy provision, the majority here has placed trial court error beyond rational appellate overview. The majority opinion significantly limits the power of the prosecution to thrash out purely legal issues which has traditionally been accomplished by allowing the prosecution to appeal, by leave of court. I, therefore, dissent.

The United States Supreme Court has, on a number of occasions, reviewed situations "on all fours" with the case *sub judice.* In *United States* v. *Kopp* (1976), 429 U.S. 121, the defendant was found guilty after trial to the court. Following the trial, but prior to sentencing, the trial court dismissed the indictment. The issue upon appeal was whether, in fact, the prosecution could appeal the case. The United States Supreme Court, in a unanimous opinion, stated the following:

"In *United States* v. *Wilson,* 420 U.S. 332 (1975), we held that double jeopardy would not bar a * * * [prosecution] appeal *if success on that appeal would result in the reinstatement of a verdict of guilty.* The fact that the

dismissal of the indictment here occurred after a general finding of guilt rendered by the court in a bench trial, rather than after a return of a verdict of guilty by a jury, is immaterial." (Emphasis added.) *Id.* at 122.

In *United States* v. *Morrison* (1976), 429 U.S. 1, the defendant was found guilty by the trial court. After the finding, but prior to sentencing, the trial court reconsidered its previous denial of a motion to suppress evidence and thereby overturned its own finding. The issue upon appeal, as in the case here, was whether the prosecution could appeal the trial court's decision. The United States Supreme Court stated that the prosecutor is certainly entitled to an appeal "since success on that appeal would result in the reinstatement of the general finding of guilt rather than in further factual proceedings relating to guilt or innocence. As in *Wilson,* there would then remain only the imposition of sentence and the entry of a judgment of conviction * * *." *Id.* at 3-4. This opinion was also unanimous. See, also, *United States* v. *Rose* (1976), 429 U.S. 5.

Also basing its determinations upon the landmark case of *United States* v. *Wilson* (1975), 420 U.S. 332, was *United States* v. *Jenkins* (1975), 420 U.S. 358, wherein it was stated at 365 that in "the situation where the jury returns a verdict of guilt but the trial court thereafter enters a judgment of acquittal, an appeal is permitted. In that situation, a conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a second trial; the error can be corrected on remand by the entry of a judgment on the verdict."

The majority opinion seeks refuge in the distinctions between R.C. 2945.67(A) and the federal Criminal Appeals Act, Section 3731, Title 18,

U.S. Code. It is quite obvious that the federal statute, enacted in 1970 after years of frustrating experience with narrow statutory interpretations (see, *e.g., Wilson, supra*), contemplates a power of appeal which extends fully to the limits allowed by the Double Jeopardy Clause. Nothing about R.C. 2945.67(A) implies that it is limited by anything less than the Double Jeopardy Clause. As a matter of fact, the legislative history of this statute indicates that the General Assembly fully intended to enlarge the powers of prosecutors to seek appellate determinations.

Under former R.C. 2945.67 through R.C. 2945.70, and indeed under their former analogues, G.C. 13681, later G.C. 13446-1, the General Assembly had attempted to allow prosecutors to bring a bill of exceptions, *i.e.,* a statement of the errors about which complaint is made upon appeal, even in cases where the defendant had been finally adjudged to be innocent. See, *e.g., State* v. *Dodge* (1967), 10 Ohio App. 2d 92, 39 O.O. 2d 174, 226 N.E. 2d 156. Under these statutes, the trial court was required to appoint an attorney to represent the viewpoint objected to by the prosecutor and the decision of the appellate court above could "not affect the judgment of the trial court in said cause * * *." Former R.C. 2945.70. This, of course, created nothing less than a forbidden advisory opinion, as this court so ruled in *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, 44 O.O. 2d 50, 238 N.E. 2d 790. In so doing we expressly recognized that the intent of the General Assembly was solely to "accommodate * * * the constitutional prohibition against double jeopardy." *Id.* at 76, 44 O.O. 2d at 56, 238 N.E. 2d at 797.

In *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 53 O.O. 2d 302, 265 N.E. 2d 261, what remained of the former

sections was further eroded. In that case, the prosecution appealed the trial court's allowance of a pretrial motion to suppress evidence. That court acknowledged that other states as well as the federal government allowed such appeals, and even cited Section 3731, Title 18, U.S. Code, as the majority in the present case has. It nevertheless, on quite narrow grounds, held that prosecutors could not so appeal.

Thereafter, the Ohio General Assembly acted. The analysis of Am. Sub. H.B. No. 1168, which enacted new R.C. 2945.67, by the Legislative Service Commission, expressly noted that *Heaton* and *Collins* had overturned the statute's advisory opinion provisions and, going further, had left prosecutors only with the quite meager powers "to appeal, with leave, the decision of the court with respect to a motion to quash, a plea in abatement, a demurrer, a motion in arrest of judgment or an equivalent motion * * *." Quite obvious was that the General Assembly fully intended to expand the prosecutor's ability to appeal adverse determinations of the trial court and, as with the earlier statutes, to do so as fully as would "accommodate," *i.e.,* not run afoul of, the double jeopardy prohibition.

The current statute precisely implements this legislative intention by first providing for prosecution appeals from pretrial decisions and other non-verdict-related post-trial decisions. It then provides that "any other decision" may be appealed "by leave of the court to which the appeal is taken * * * except the final verdict. * * *" This would impliedly include the trial court decisions made after jeopardy had attached but which do not offend the Double Jeopardy Clause. That this is the meaning of the phrase, we have already determined. In *State, ex rel. Leis,* v. *Kraft* (1984), 10 Ohio St. 3d 34, 36, 10 OBR 237, 239, 460 N.E. 2d 1372, 1374, we stated that the term "final verdict" was a limitation on appeals with leave, "owing to *double jeopardy considerations*" (emphasis added), and that the kind of decisions which an appeal with leave could encompass was "intended in a broad sense." *Id.* We also have determined that the verdict in a given case has neither more nor less finality than the Double Jeopardy Clause allows. See, *e.g., State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897. It therefore cannot be seriously contended that the statute's use of the term final verdict is less than co-extensive with the Double Jeopardy Clause.

In relying upon our prior decision, *State* v. *Keeton* (1985), 18 Ohio St. 3d 379, 18 OBR 434, 481 N.E. 2d 629, the majority admits but ignores the implications of the several distinctions from the case *sub judice.* In *Keeton,* we held that a Crim. R. 29(A) motion for judgment of acquittal was included within R.C. 2945.67(A)'s "final verdict." This, as pointed out in *Keeton,* comports with the double jeopardy protections which "bar the retrial of the defendants." *Id.* at 380-381, 18 OBR at 436, 481 N.E. 2d at 631. Also, such determination is in accord with the United States Supreme Court decisions previously described.

On the other hand, the present case involved a Crim. R. 29*(C)* motion after verdict or discharge of jury. As admitted by the majority, no retrial results from reversing the grant of such motion; instead, the jury verdict is reinstated with no violation of the Double Jeopardy Clause. The majority points out that the grant of motions under both subsections (C) and (A) may be predicated upon a determination by the trial court that the evidence was insufficient to support a conviction. The "incongruous result"

would be that a Crim. R. 29(A) determination creates a final verdict whereas a determination under (C) would not, yet both are factual determinations of innocence. This result is certainly no more "incongruous" than the difference between the trial court's finding and that of the jury in the case before us. The point to be made, however, is that the development of the double jeopardy prohibition "from its common-law origins thus suggests that it was directed at the threat of multiple prosecutions, not at Government appeals, at least where those appeals would not require a new trial." *United States* v. *Wilson, supra,* at 342.

The decision to grant a writ of prohibition in a case such as the one before us is erroneous. The statute at issue provided the court of appeals with full power to grant the leave to appeal at issue. That decision is completely reviewable upon further appeal. This provides a plain and adequate remedy at law. See, *e.g., Manrow* v. *Court of Common Pleas of Lucas Cty.* (1985), 20 Ohio St. 3d 37, 39, 20 OBR 285, 286, 485 N.E. 2d 713, 715; *Luchene* v. *Wagner* (1984), 12 Ohio St. 3d 37, 39, 12 OBR 32, 34, 465 N.E. 2d 395, 397.

The granting of the writ in this case blurs the distinctions between cases of plain and adequate remedy where appeal is the remedy, and those which allow judicial discretion. Especially egregious is the fact that *all* appeals by the prosecutor under R.C. 2945.67(A), made by leave of court, are now subject to the writ of prohibition. This substitute for appeal could not have been intended by the General Assembly.

Accordingly, I dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.

DOUGLAS, J., dissenting. Because I believe that a judgment of acquittal granted pursuant to Crim. R. 29(C) is not a "final verdict" within the meaning of R.C. 2945.67(A) and, hence, is appealable by the state, I respectfully dissent.

In concluding that the trial court's judgment is a "final verdict," the majority misses a crucial point — a point which I believe is dispositive. *Courts do not render verdicts.* Courts render judgments. Black's Law Dictionary (5 Ed. 1979) 1398, defines "verdict" as "[t]he formal decision or finding *made by a jury * * *.*" ( Emphasis added.) Nowhere in the lengthy definitions of the term "verdict" and of the various kinds of verdicts is a finding or decision *by the court* characterized as a "verdict."

In construing statutes, courts must give the words their plain, ordinary meaning unless the legislature has clearly evinced a contrary intention. *Coventry Towers, Inc.* v. *Strongsville* (1985), 18 Ohio St. 3d 120, 122, 18 OBR 151, 152, 480 N.E. 2d 412, 414. In today's decision, the common, ordinary meaning of the word "verdict" escapes the notice of the majority, resulting in a clearly erroneous interpretation of the relevant statute. The legislature could easily have used the word "judgment" in place of or in addition to the term "verdict" if that had been its intention. Instead, the statute refers only to verdicts, and this court may not assume that judgments are also encompassed in the statute's purview. I, therefore, take vigorous exception to this court's insertion of the term "judgment" when the statute refers only to verdicts.

The majority's confusion stems partly from the unfortunate misuse of the term "directed verdict" in *State* v. *Keeton* (1985), 18 Ohio St. 3d 379, 18

OBR 434, 481 N.E. 2d 629. Paragraph two of the syllabus of *Keeton* reads:

"A directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute."

This language is inaccurate. The term "directed verdict of acquittal" is a misnomer. A directed verdict is properly applicable only in civil actions under Civ. R. 50(A). The Criminal Rules make no mention of a "directed verdict." Crim. R. 29 provides only for entry of a *"judgment* of acquittal" (emphasis added) in the event the evidence is insufficient to sustain a conviction. The motion herein was made pursuant to Crim. R. 29(C), which states:

"* * * If a jury returns a verdict of guilty or is discharged without having returned a verdict, *a motion for judgment of acquittal* may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion *set aside the verdict and enter judgment of acquittal.* If no verdict is returned, the court may enter *judgment of acquittal.* * * *" (Emphasis added.)

Setting aside the verdict and entering a contrary judgment is materially different from directing a verdict. By directing a verdict, the trial court essentially "directs" the jury to render a particular verdict. This is not the procedure in a criminal case. No provision is made for "directing a verdict" in the Criminal Rules. The misuse of the term "directed verdict of acquittal" in *Keeton* contributes directly to the majority's confused interpretation of the term "verdict" as

used in R.C. 2945.67, as is evidenced by the majority's overt reliance on *Keeton.*

Thus, I would hold that a judgment of acquittal entered pursuant to a motion under Crim. R. 29(C) cannot be a "final verdict" within the meaning of R.C. 2945.67(A) and is therefore appealable by the state.

As explained by Justice Holmes in his dissent to today's decision, a holding that the judgment by the trial court granting relator's motion for judgment of acquittal following the jury's guilty verdict is appealable by the state would not offend the constitutional prohibition against double jeopardy. See, *e.g., United States* v. *Wilson* (1975), 420 U.S. 332. Where the state's success on appeal would result only in the reinstatement of the guilty verdict and not in retrial, appeal by the state does not place the defendant in jeopardy twice. Thus, the Double Jeopardy Clause is not even called into play.

If the appeal by the state were allowed to proceed in this case, as clearly it should, the court of appeals *may* agree to hear the appeal but is not obliged to do so under R.C. 2945.67(A), which states:

"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a

criminal case or of the juvenile court in a delinquency case."

Since the entry of a judgment of acquittal is not among the matters enumerated which constitute the basis for an appeal as of right, it falls in the category of "any other decision" and is appealable only "by leave of the court to which the appeal is taken." Since the exception making final verdicts unappealable does not apply to the judgment herein as discussed *supra,* I would deny the writ of prohibition and permit the court of appeals to exercise its discretion in determining whether to grant the state leave to appeal in this case.

HOLMES, J., concurs in the foregoing dissenting opinion.