OPINION
Plaintiff-appellant State of Ohio appeals the grant of a motion for acquittal entered by the Lancaster Municipal Court in favor of defendant-appellee Steven O. Harley on three charges of violation of a temporary protection order following the presentation of appellant's case.
 STATEMENT OF THE CASE
Appellant was charged with three violations of a temporary protection order issued on June 2, 1997. Two of the charges resulted from separate incidents occurring on September 8, 1997, and the third charge from an incident occurring on September 21, 1997.
The three charges came on for bench trial on December 23, 1997, together with a separate domestic violence charge. Appellant called two witnesses. Following presentation of appellant's case, appellee moved to dismiss all four counts pursuant to Crim.R 29. The trial court granted appellee's motion as it pertains to the three counts alleging violations of the temporary protection order, but overruled the motion relative to the domestic violence count. Upon conclusion of the evidence, the trial court found appellant guilty of domestic violence and sentenced him thereon.
Appellant appeals the trial court's grant of appellee's Crim. R. 29 motion for acquittal as it pertains to the dismissal of the three counts for violation of the temporary protection order. Appellant assigns as error:
 I. THE TRIAL COURT IMPROPERLY RULED THAT THE STATE FAILED TO SATISFY THE ELEMENT OF RECKLESSNESS IN ALL THREE VIOLATION OF TEMPORARY PROTECTION ORDER CHARGES BY A PREPONDERANCE OF THE EVIDENCE DUE TO THE AMBIGUITY CAUSED BY THE DOMESTIC COURT'S VISITATION ORDER.
 II. ALTHOUGH A DEFENDANT IN A DOMESTIC VIOLENCE CASE MAY BE ALLOCATED TEMPORARY VISITATION RIGHTS WITH REGARD TO MINOR CHILDREN WHILE A TEMPORARY PROTECTION ORDER IS PENDING, WHEN THE ORDER OR AGREEMENT OUT OF DOMESTIC RELATIONS COURT IS SILENT AS TO WHO MAY INITIATE TELEPHONE CALLS, A DEFENDANT IS RECKLESS IF HE MAKES CONTACT WITH THE RESIDENCE UPON WHICH THE VICTIM OF DOMESTIC VIOLENCE IS STAYING IF THE TEMPORARY PROTECTION ORDER SPECIFICALLY ORDERS DEFENDANT TO HAVE NO CONTACT, DIRECT OR INDIRECT, WITH THE VICTIM.
 III. BECAUSE THE CHILD IN THIS CASE IS TWELVE YEARS OF AGE AND THERE WAS TESTIMONY ESTABLISHING THAT THE CHILD WS NOT ONLY ABLE TO CONTACT HER FATHER BUT DID SO ON A FREQUENT BASIS, A DEFENDANT WHO PLACED A CALL TO HIS DAUGHTER DESPITE THE FACT THAT THE VISITATION ORDER ONLY PROVIDES FOR REASONABLE TELEPHONE CONTACT BUT DOES NOT STATE WHICH PARTY MAY INITIATE THE CONTACT BECOMES RECKLESS IN MAKING A CALL THAT IS DIRECTLY CONTRARY TO A TEMPORARY PROTECTION ORDER.
 IV. THE STATE OF OHIO SHOULD NOT BE REQUIRED TO PROVE THAT A DEFENDANT HAD MALICIOUS INTENT TOWARD A VICTIM WHEN A DEFENDANT MAKES A TELEPHONE CALL TO THE RESIDENCE OF A VICTIM OF DOMESTIC VIOLENCE DESPITE THE FACT THAT A TEMPORARY PROTECTION ORDER PREVENTED SIMPLE CONTACT WITH A VICTIM.
 V. LEAVING MESSAGES ON AN ANSWERING MACHINE OF A DOMESTIC VIOLENCE VICTIM REGARDLESS OF WHO SUCH CALLS ARE DIRECTED TO IS RECKLESSNESS WHEN THE MESSAGES ARE LIKELY TO BE HEARD BY THE VICTIM AND THE MESSAGES ARE OF A HARASSING NATURE AND A TEMPORARY PROTECTION ORDER PREVENTS CONTACT WITH THE VICTIM.
A rendition of the facts is not necessary for resolution of this appeal.
We will not address the merits of appellant's arguments as we find appellant has failed to properly invoke the jurisdiction of this Court for two separate reasons: one procedural and one substantive.
First, appellant failed to comply with the procedure set forth in App.R. 5(B). Specifically, appellant failed to file a motion for leave to appeal as required by the rule. Although appellant timely filed its notice of appeal, the rule specifically requires both the filing of a notice of appeal and a motion for leave to appeal. The motion for leave to appeal is a condition precedent to invoke this Court's jurisdiction.
Second, R.C. 2945.67(A) provides the prosecuting attorney or city law director may appeal by leave of court any decision of the trial court in a criminal case except the final verdict. A directed verdict of acquittal by the trial judge in a criminal case is a final verdict within the meaning of R.C. 2945.67(A).State v. Keaton (1985), 18 Ohio St.3d 379; State ex rel. Yates v.Court of Appeals for Montgomery Cty. (1987), 32 Ohio St.3d 30; and State v. Bistricky (1990), 51 Ohio St.3d 157.
For both of the foregoing reasons, we dismiss appellant's appeal for lack of jurisdiction.
The judgment of the Lancaster Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court is affirmed. Costs assessed to appellant.