MEMORANDUM OPINION
{¶ 1} On October 25, 2007, appellant, State of Ohio, filed a notice of appeal from an October 4, 2007 judgment rendered by the Ashtabula Court of Common Pleas. In this judgment, the trial court granted appellee, Leonard J. Hoffstetter, IV's, motion for acquittal and ordered that judgment was rendered in appellee's favor and that he be discharged. *Page 2 
 {¶ 2} R.C. 2945.67 governs those instances when a prosecutor may appeal and states in relevant part:
 {¶ 3} "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property, or grants post conviction relief * * *, and may appeal by leave of court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney * * * may appeal * * * a sentence imposed upon a person who is convicted of or pleads guilty to a felony."
 {¶ 4} In the present appeal, the first question that arises is whether the state may appeal the judgment of October 4, 2007 as a matter of right or whether leave must first be obtained under the statute. The Supreme Court of Ohio has held that a judgment of acquittal is not appealable by the state as a matter of right or by leave of court. State v. Keeton (1985),18 Ohio St.3d 379; State ex rel. Yates v. Montgomery Cty. (1987), 32 Ohio St.3d 30. See also, State v. Mayfield, 8th Dist. No. 81924, 2003-Ohio-2312.
 {¶ 5} In Keeton, the state moved the appellate court for leave to appeal certain evidentiary rulings. The Supreme Court held that while the state could not appeal the judgment of acquittal in that case, it could appeal the evidentiary rulings which fell under "any other decision, except the final verdict" in R.C. 2945.67(A) after leave was obtained. The court reversed and remanded the matter for the court of appeals to *Page 3 
determine whether the state should be granted leave to appeal the evidentiary rulings under App.R. 5(C).
 {¶ 6} In the present case, the state has not requested leave to appeal under App.R. 5(C), nor has it asserted that it was appealing any of the trial court's evidentiary rulings. Therefore, we must assume it is appealing the final verdict of acquittal. The state is statutorily prohibited from appealing the final verdict without putting the defendant (appellee) in double jeopardy.In re Lee (2001), 145 Ohio App.3d 167, 169.
 {¶ 7} Since this appeal is predicated upon the final verdict of acquittal in favor of appellee, which is not appealable by the state, this court is without jurisdiction. Therefore, the appeal is hereby sua sponte dismissed.
 {¶ 8} Appeal dismissed. DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur. *Page 1