**[Cite as *State v. Taysom*, 2014-Ohio-2838.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

        Appellee

v.

Erick L. Taysom

        Appellant

Court of Appeals Nos. H-13-031
H-13-032

Trial Court Nos.  13TRD06893A & B
13CRB01861

**DECISION AND JUDGMENT**

Decided:  June 27, 2014

* * * * *

G. Stuart O'Hara, Jr., City of Norwalk Law Director, and
Scott M. Christophel, Assistant Law Director, for appellee.

Paul D. Dolce, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant appeals his conviction for driving under suspension, failing to stop

after an accident and obstructing official business entered following a trial to the bench in

the Norwalk Municipal Court. Because we conclude that appellant's conviction was not

against the manifest weight of the evidence, we affirm.

{¶ 2} On the morning of October 26, 2013, Christopher Grady emerged from his Norwalk home to discover a one foot-long scratch on the driver's side of his car. Grady noted teal colored paint transfer on the scratch and remembered a teal colored car parked in his neighbor's yard the night before. Grady called police.

{¶ 3} The police officer investigating noted that the scratch contained a sticky substance, consistent with colored duct tape. After speaking to the neighbor, the officer visited the home of appellant, Erick L. Taysom, where he found a teal Ford Escort in the parking lot. The rear bumper of the car was covered with teal colored duct tape. Appellant told police he had not driven the car in months and denied taking it to Brady's neighbor.

{¶ 4} Appellant's statement to police conflicted with that of Brady's neighbor. The neighbor had reported that appellant asked his permission to leave the car at the neighbor's house and had parked it there at approximately 6:00 p.m. on October 25. The neighbor would later testify that at approximately 2:30 a.m. on October 26 he heard the car start and saw appellant driving away.

{¶ 5} Police charged appellant with failing to stop after an accident in violation of R.C. 4549.02, driving under suspension in violation of R.C. 4510.11(A), and obstructing official business in violation of R.C. 2921.31. Appellant pled not guilty to all charges and the matter proceeded to a trial before the bench.

2.

**{¶ 6}** At trial, Brady and his neighbor testified. The investigating officer also testified as to the statements appellant made and identified a computerized check that revealed that on October 26, 2013, appellant's license was under suspension.

**{¶ 7}** Appellant testified in his own defense that another person had driven the car to the neighbor's and drove the car and appellant home at 5:30 a.m. Appellant denied striking any car while leaving the neighbor's yard, but admitted to making false statements to the investigating officer.

**{¶ 8}** The trial court found appellant guilty of all three charges and sentenced him 90 days (suspended) jail time for driving under suspension; 90 days (80 suspended) for failing to stop; and, 90 concurrent days (80 suspended) for obstructing official business. From these judgments of conviction, appellant now brings this appeal. Appellant sets forth a single assignment of error:

> The verdict is against the manifest weight of the evidence[.]

**{¶ 9}** In a criminal appeal, a verdict may be overturned if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541(1997). In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. *Id*. at 386-387. Specifically, we must determine whether the state has presented evidence

3.

which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* at 390 (Cook, J., concurring); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. *See also State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978); *State v. Barnes*, 25 Ohio St.3d 203, 495 N.E.2d 922 (1986).

{¶ 10} Appellant argues that, with respect to obstructing official business, the state never introduced evidence to indicate how his false statements hampered or impeded the investigation. Appellant suggests that, since this investigating officer did not believe appellant's statements, the investigation would have proceeded in the same manner had he told the truth. With respect to the other two charges, appellant insists there was no direct evidence that he had hit Brady's car.

{¶ 11} R.C. 2921.31(A) provides:

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 12} Making an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct

4.

within the meaning of R.C. 2921.31(A). *State v. Lazzaro,* 76 Ohio St.3d 261, 667 N.E.2d 384 (1996), syllabus.

{¶ 13} Appellant admitted that he lied to police and there is little doubt that his purpose was to avoid the consequences of his own criminal culpability. This constitutes a purposeful intent to prevent or obstruct the investigation. Had appellant been truthful, the officer could have written two citations and been finished. Consequently, appellant's false statement, in fact, impeded the investigation.

{¶ 14} Direct evidence is evidence based on personal observation. *State v. Rister,* 6th Dist. Lucas No. L-09-1191, 2012-Ohio-516, ¶ 12. Circumstantial evidence is that which can be inferred from reasonably and justifiably connected facts. *State v. Fairbanks,* 32 Ohio St.3d 34, 289 N.E.2d 352 (1972), paragraph five of the syllabus. Circumstantial evidence is to be given the same weight and deference as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991). The weight to be given to the evidence and credibility of witnesses is within the province of the trier of fact. *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 55.

{¶ 15} There was testimony, and later an admission, that appellant's teal colored car with teal colored duct tape on the bumper was in Brady's neighbor's yard. The neighbor testified that appellant drove away in the middle of the night. The morning after, Brady observed a scratch on his car with teal colored paint transfer and residue consistent with duct tape. This is circumstantial evidence by which a reasonable trier of fact could find that appellant's car, driven by appellant, caused the scratch in Brady's car.

5.

{¶ 16} We have thoroughly reviewed the record and the transcript of the trial in this matter and fail to find any suggestion that the trier of fact lost its way or that any manifest miscarriage of justice occurred. Accordingly, appellant's sole assignment of error is not well-taken.

{¶ 17} On consideration, the judgment of the Norwalk Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.