[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ramirez,* Slip Opinion No. 2020-Ohio-602.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-602

THE STATE OF OHIO, APPELLANT, *v*. RAMIREZ, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ramirez,* Slip Opinion No. 2020-Ohio-602.]

*Crim.R. 33(A)(4)—Neither the double-jeopardy protection nor R.C. 2945.67 prevents the state from appealing an order granting a new trial based on insufficient evidence.*

(No. 2018-0900—Submitted August 6, 2019—Decided February 25, 2020.)

APPEAL from the Court of Appeals for Lucas County, No. L-17-1076, 2018-Ohio-1870.

_____

DEWINE, J.

{¶ 1} A rule of criminal procedure, Crim.R. 33(A)(4), provides that a trial court may order a new trial when a verdict is not sustained by sufficient evidence. That rule, which was adopted some time ago, is in tension with the current understanding of the double-jeopardy protection.  As it is now understood, the double-jeopardy protection prevents the state from retrying a defendant when a

court has found that the evidence presented in an earlier trial was insufficient to convict.

{¶ 2} In the proceeding below, after the jury returned a guilty verdict, the trial court granted the defendant's motion for a new trial based on insufficient evidence. The court of appeals initially granted the state leave to appeal that ruling, but then later dismissed the appeal. It premised its dismissal on principles of double jeopardy as well as its application of a statute, R.C. 2945.67, that delineates when the state may appeal in a criminal case. The question in front of us is whether the court of appeals was correct in dismissing the state's appeal. We conclude that it was not. The double-jeopardy protection does not prevent the state from appealing the trial court's order granting the motion for a new trial. It only prevents the state from retrying the defendant in the event the state is unsuccessful on appeal. Nor, as we will explain, does R.C. 2945.67 mandate dismissal of the state's appeal. Thus, we reverse the judgment of the court of appeals.

## I. BACKGROUND

*A. An altercation and a shooting*

{¶ 3} A jury found Ramiro Ramirez guilty of voluntary manslaughter for shooting and killing Dale Delauter. The following facts were presented at the trial.

{¶ 4} One night, Ramirez and two friends had congregated outside a bowling alley near Ramirez's car. Delauter lived across the street from the bowling alley. That night, he and his girlfriend were outside, engaged in a drunken argument. Apparently amused by the situation, one of Ramirez's friends walked toward the couple and started recording the quarrel on his cell phone. The situation quickly escalated: heated words were exchanged, and Delauter hurled a racial slur at the friend. Delauter went into his house; his girlfriend warned that he was getting a gun. In response, Ramirez retrieved a pistol from his car and took cover behind the vehicle. When Delauter emerged from his house with a shotgun, Ramirez fired several shots, killing Delauter. There was conflicting testimony about whether

Delauter was pointing the gun toward Ramirez and his friends or was holding it down at his side. An unloaded shotgun was found near his body inside the house.

*B. A jury verdict followed by an order for a new trial*

{¶ 5} Ramirez was indicted for voluntary manslaughter in violation of R.C. 2903.03. That statute provides, "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another * * *." After the state rested, Ramirez twice moved for a judgment of acquittal under Crim.R. 29, on grounds that there was insufficient evidence that he was under the influence of sudden passion or a sudden fit of rage or that Delauter had provoked the response. *See* R.C. 2903.03. Relying upon our opinion in *State v. Rhodes*, the trial court denied the motions. *See* 63 Ohio St.3d 613, 590 N.E.2d 261 (1992). There, we said, albeit in dicta, that when a defendant is charged with voluntary manslaughter and not murder, "neither party is required to establish either of the mitigating circumstances." Instead, "the court presumes (to the benefit of the defendant) the existence of one or both of the mitigating circumstances as a result of the prosecutor's decision to try the defendant on the charge of voluntary manslaughter rather than murder." *Id.* at 618.

{¶ 6} The jury found Ramirez guilty of voluntary manslaughter. Ramirez then moved for a new trial under Crim.R. 33(A)(4). That provision provides:

> A new trial may be granted on motion of the defendant * * * [if] the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser crime included therein, the court may modify the verdict or finding

accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified.

Again, Ramirez argued that there was insufficient evidence of sudden passion and provocation. This time the trial court appears to have had a change of heart, and refused to apply the passage from *Rhodes*. Instead, the trial court concluded that when the state brings a stand-alone charge for voluntary manslaughter, it has the burden of proving passion and provocation. Explicitly invoking the sufficiency-of-the-evidence standard, the trial court determined that after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that the passion and provocation elements had been proved beyond a reasonable doubt.

{¶ 7} The state was granted leave to appeal, but then the court of appeals refused to reach the merits of its arguments. The court held that after a finding of insufficient evidence to sustain a conviction, double-jeopardy principles prevented "any further proceedings, such as an appeal by the state or a retrial." In addition, it concluded that the order granting a new trial was not appealable under R.C. 2945.67. That provision allows the state, in criminal cases, to appeal certain trial-court decisions as a matter of right and any other decision, "except the final verdict," by leave of court. The court of appeals reasoned that an order granting a new trial based on insufficient evidence was functionally an acquittal, and hence, a final verdict that could not be appealed.

{¶ 8} As we explain, both conclusions were in error. Neither the double-jeopardy protection nor R.C. 2945.67 prevents the state from appealing an order granting a new trial based on insufficient evidence.

## II. ANALYSIS

### A. *Double-jeopardy principles prevent retrial but not an appeal*

{¶ 9} The court of appeals was incorrect when it concluded that double-jeopardy principles prevented the state from appealing the trial court's order granting a new trial. It is perfectly consistent with the Double Jeopardy Clauses of the United States and Ohio Constitutions for the state to seek to have the trial court's order reversed on appeal and the jury verdict reinstated. To understand why, it is helpful to take a step back and examine the double-jeopardy protection.

{¶ 10} The Fifth Amendment to the United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Ohio Constitution contains a similarly worded guarantee: "No person shall be twice put in jeopardy for the same offense." Ohio Constitution, Article I, Section 10. We have generally proceeded on the assumption that these provisions are coextensive. *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996). Because neither party argues otherwise, we have no occasion to revisit that assumption today.

{¶ 11} In assessing whether a criminal defendant can be retried, a guiding principle is that "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Thus, the *Burks* court held that when an appellate court reverses a trial court's judgment because it finds the evidence insufficient to sustain a conviction, the defendant cannot be retried. But *Burks* did not explicitly address the fact pattern presented here—when a trial court grants a motion for a new trial based on insufficient evidence. That issue was squarely addressed a few years later, in *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). The *Hudson* court held that an insufficiency-of-the-evidence finding bars retrial, even if that finding occurs in the context of a new-trial motion. *Id*. at 41-43.

**{¶ 12}** The United States Supreme Court has explained that "any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense" is functionally an acquittal for purposes of double jeopardy and prevents retrial. *Evans v. Michigan*, 568 U.S. 313, 318, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013). Indeed, the principle that a finding of insufficient evidence bars retrial applies even when the trial court's ruling "was predicated upon a clear misunderstanding of what facts the State needed to prove under State law." *Id.* at 320. Thus, because the trial court made an unequivocal finding that the evidence was insufficient to convict, Ramirez cannot be retried.

**{¶ 13}** The state protests that this means that Crim.R. 33(A)(4) doesn't have the legal effect that it purports to have. That's true, but our rules have to give way to the United States Constitution. And the explanation for the conflict is simple: Crim.R. 33(A)(4) was adopted in 1973, so it predates the 1981 decision in *Hudson* explaining that a new trial cannot occur after a trial court grants a new trial based on insufficiency of the evidence. The criminal rule has not been updated to reflect the current state of the law.

**{¶ 14}** The state further argues that Ramirez waived his double-jeopardy protection by moving for a new trial instead of for a postverdict judgment of acquittal. But that argument has been explicitly rejected by the United States Supreme Court. As that court explained, "it makes no difference that a defendant has sought a new trial as one of his remedies, or even as the sole remedy. It cannot be meaningfully said that a person 'waives' his right to a judgment of acquittal by moving for a new trial." *Burks*, 437 U.S. at 17, 98 S.Ct. 2141, 57 L.Ed.2d 1.

**{¶ 15}** But the court of appeals did not hold only that Ramirez could not be retried; it went further and held that the double-jeopardy protection barred an appeal as well. That's not right. As the United States Supreme Court has explained, "[i]f a court grants a motion to acquit after the jury has convicted, there is no double jeopardy barrier to an appeal by the government from the court's acquittal, because

reversal would result in reinstatement of the jury verdict of guilt, not a new trial." *Evans*, 568 U.S. at 330, 133 S.Ct. 1069, 185 L.Ed.2d 124, fn. 9. For similar reasons, an appellate court can impose a conviction for a lesser included offense after a jury convicts the defendant of a greater offense. *See Rutledge v. United States*, 517 U.S. 292, 306, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

{¶ 16} Thus, if a trial court acquits a defendant after a jury conviction, it does not violate double-jeopardy principles for the appellate court to reinstate the jury verdict or to impose a conviction for a lesser included offense. Applied here, this means that the court of appeals was mistaken in concluding that double-jeopardy principles precluded it from reviewing the trial court's finding of insufficient evidence. Because that finding occurred after a jury verdict, the court of appeals could, consistent with double-jeopardy principles, reinstate the jury verdict for voluntary manslaughter or put in place a conviction for any lesser included offense of that crime.

*B. R.C. 2945.67 does not prevent the state from appealing an order granting a motion for a new trial based on insufficient evidence*

{¶ 17} So, although double-jeopardy principles prevent a retrial, they do not prevent an appeal. But in dismissing the state's appeal, the court of appeals did not rely solely on double-jeopardy principles, it also looked to R.C. 2945.67, a provision that places independent limits on the state's ability to pursue a criminal appeal. That provision provides:

> A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, [or] a motion to suppress evidence, * * * and may appeal by leave of the court to which the appeal is taken

*any other decision, except the final verdict*, of the trial court in a
criminal case * * *.

(Emphasis added.) R.C. 2945.67(A). The determinative issue here is whether an
order granting a motion for a new trial based on insufficiency of the evidence is a
*final verdict*. As we explain, it is not, and thus, R.C. 2945.67 does not prevent an
appeal.

{¶ 18} We have construed R.C. 2945.67 on a few prior occasions. In *State
v. Keeton*, we held that a Crim.R. 29(A) judgment of acquittal entered after the
close of evidence but before submission of the matter to a jury is a final verdict
within the meaning of R.C. 2945.67(A) and may not be appealed by the state. 18
Ohio St.3d 379, 381, 481 N.E.2d 629 (1985). The *Keeton* rule functionally tracks
double-jeopardy principles because when a judgment of acquittal is entered before
sending a matter to a jury there is no jury verdict to reinstate, and hence, the court
of appeals is powerless to provide relief to the state.

{¶ 19} In a subsequent case, however, we held that a Crim.R. 29(C)
judgment of acquittal entered after the jury had returned its verdict was also a final
verdict that could not be appealed by the state. *State ex rel. Yates v. Montgomery
Cty. Court of Appeals*, 32 Ohio St.3d 30, 512 N.E.2d 343 (1987). The effect of
*Yates* was to afford greater protection to criminal defendants than the Double
Jeopardy Clauses provide. Without violating the Double Jeopardy Clauses, an
order granting a Crim.R. 29(C) motion after a jury's guilty verdict could be
appealed by the state and the jury verdict could be reinstated. But *Yates* held that
such an appeal was precluded by R.C. 2945.67. Indeed, the *Yates* court explicitly
rejected the idea that "final verdict" should be understood as limited to cases where
any relief on appeal would be blocked by double-jeopardy principles—as would be
the case with a pre-jury-verdict Crim.R. 29(A) judgment of acquittal. *Id.* at 32.

{¶ 20} Ramirez asks us to extend *Yates* and hold that a Crim.R. 33(A)(4) new-trial order based on insufficient evidence is a "final verdict" under R.C. 2945.67(A) and thus cannot be appealed. For the following reasons, we refuse to do so.

{¶ 21} Let's start with the obvious. On any common-sense understanding of the term, a grant of a new trial is not a "final verdict." Plainly, such an order is not a verdict. And it certainly cannot be a "*final* verdict," because granting such a motion contemplates further proceedings in the form of a new trial. Unsurprisingly then, we have suggested that, under R.C. 2945.67, the state may appeal a trial court's order granting a motion for a new trial. *See State v. Matthews*, 81 Ohio St.3d 375, 691 N.E.2d 1041, (1998), syllabus.

{¶ 22} Ramirez's counter to this plain-language reading of the rule is to argue that the order granting a new trial in this particular situation actually is a final verdict because double-jeopardy principles prohibit the state from retrying him. In addition to being linguistically nonsensical, such a reading ignores the understanding of the term "final verdict" at the time R.C. 2945.67 became law.

{¶ 23} In interpreting a statute, we look to its ordinary meaning at the time of its enactment. *New Prime, Inc. v. Oliveira*, __ U.S. __, __, 139 S.Ct. 532, 539, 202 L.Ed.2d 536 (2019). R.C. 2945.67 was enacted in November 1978. Am.Sub.H.B. No. 1168, 137 Ohio Laws, Part II, 3895, 3897. Crim.R. 33(A)(4) was adopted in 1973. 34 Ohio St.2d xix, lxxiv. The United States Supreme Court did not establish that the double-jeopardy protection prohibited retrial after a new-trial order based on insufficient evidence until its decision in *Hudson* in 1981. 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30. Hence, if we apply the meaning of the statute at the time it was enacted, *Hudson* should not cast doubt on the common-

sense idea that an order granting a motion for a new trial based on insufficient evidence is not a final verdict.[1]

{¶ 24} As it would have been understood at the time R.C. 2945.67 was enacted, a Crim.R. 33(A)(4) new-trial order would have been followed by what the plain language of the rule suggests—a new trial. Since an order granting a motion for a new trial would have been followed by a new trial, it would not have been final in any meaningful sense, and hence it would not be a final verdict under R.C. 2945.67. Subsequent double-jeopardy jurisprudence doesn't change this analysis. What the rule contemplates is further proceedings in the form of a new trial, not a final verdict. Thus, R.C. 2945.67 does not require dismissal of the state's appeal.

### III. Conclusion

{¶ 25} Because neither the double-jeopardy protection nor R.C. 2945.67 required dismissal of the state's appeal, we reverse the judgment of the court of appeals and remand the matter to the court of appeals for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY and DONNELLY, JJ., concur.

FISCHER, J., concurs in judgment only, with an opinion joined by FRENCH, J.

DONNELLY, J., concurs, with an opinion.

STEWART, J., concurs in judgment only.

—————————

1. Nor does the United States Supreme Court's June 1978 decision in *Burks*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, which articulated some of the principles that guided the court's decision in *Hudson*, help Ramirez. R.C. 2945.67 was enacted shortly after *Burks* was decided, but it passed the House of Representatives in April 1978, Am.Sub.H.B. No. 1168, 137 Ohio House Journal 2874, and could not have been informed by that decision.

**FISCHER, J., concurring in judgment only.**

{¶ 26} I respectfully concur in the judgment of the court. I write separately, however, to highlight a problem with the Rules of Criminal Procedure that this case exposes and to suggest that as the legal landscape changes, perhaps the rules should too.

{¶ 27} This case calls on us to interpret and apply R.C. 2945.67(A), which provides that the state may, by leave of court, appeal certain decisions from the trial court in criminal cases. Importantly, that same provision prevents the state from appealing the "final verdict" of the trial court.

{¶ 28} In the past, this court has held that an acquittal based on a judicial finding of insufficient evidence is a "final verdict." *State v. Keeton,* 18 Ohio St.3d 379, 481 N.E.2d 629 (1985), paragraph two of the syllabus; *State ex. rel. Yates v. Montgomery Cty. Court of Appeals,* 32 Ohio St.3d 30, 512 N.E.2d 343 (1987), syllabus. This court has also held that a trial court's order granting a new trial in a criminal case is one that the state may appeal pursuant to R.C. 2945.67(A). *State v. Matthews,* 81 Ohio St.3d 375, 691 N.E.2d 1041 (1998), syllabus. The United States Supreme Court, however, has instructed that it is the substance rather than the form that controls what constitutes an acquittal. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). This means, as the majority opinion in the present case correctly points out, that " '*any ruling that the prosecution's proof is insufficient to establish criminal liability*' " may be deemed the functional equivalent of an acquittal. (Emphasis added.) Majority opinion at ¶ 12, quoting *Evans v. Michigan*, 568 U.S. 313, 318, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013).

{¶ 29} Against this backdrop, there is a tension in our law. This tension is not the result of any error or ambiguity in the text of R.C. 2945.67(A) but is due to an anomaly in our own Rules of Criminal Procedure that gives defendants two different procedural avenues for seeking relief when they believe that there is

insufficient evidence in their case. Pursuant to Crim.R. 29, a defendant may move for an acquittal when he or she believes there is insufficient evidence to sustain a conviction. Under *Yates* and *Keeton*, an order granting such a motion would count as a final verdict under R.C. 2945.67(A) and could not be appealed by the state. That same defendant could alternatively move for a new trial on that same basis (insufficient evidence) via Crim.R. 33(A)(4). Under *Matthews* and now our decision in this case, a trial court's order granting that motion would not amount to a final verdict. This does not make sense.

{¶ 30} When reviewing statutes, this court often reminds litigants that the General Assembly is always free to change the law to address new developments or policy concerns. *See Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 34-35. We should heed our own advice and, consistent with our authority under the Ohio Constitution, Article IV, Section 5(B), change the rules to do away with this vestigial remainder in Crim.R. 33(A)(4).

{¶ 31} For these reasons, I respectfully concur in judgment only.

FRENCH, J., concurs in the foregoing opinion.

———————————

**DONNELLY, J., concurring.**

{¶ 32} I join the majority's decision reversing the judgment of the court of appeals and holding that neither the double-jeopardy protection nor R.C. 2945.67 prevents the state from appealing the order granting a new trial under Crim.R. 33(A)(4). I also agree that if the state loses its appeal, the double-jeopardy protection prevents a new trial.

{¶ 33} I write separately to point out that the majority expresses no opinion on the correctness of the quoted dicta from *State v. Rhodes,* 63 Ohio St.3d 613, 590 N.E.2d 261 (1992). That may be an issue on remand, but it is not an issue before us at this time.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Patrick T. Clark, Assistant Public Defender, for appellee.

_____