[Cite as *State v. Phelps*, 2018-Ohio-4738.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| DAVID L. PHELPS | : | Case Nos.  18 CAA 02 0016 |
| | : | 18 CAA 02 0017 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case Nos. 17CR-I-11-0620
                                and18CR-I-01-0002


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               November 27, 2018


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

DOUGLAS N. DUMOLT                       APRIL F. CAMPBELL
140 North Sandusky Street               545 Metro Place South
Third Floor                             Suite 100
Delaware, OH  43015                     DUBLIN, OH  43017

*Wise, Earle J.*

{¶ 1} Defendant-Appellant, David Phelps, appeals his February 12, 2018 convictions in the Court of Common Pleas of Delaware County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 3, 2017, the Delaware County Grand Jury indicted appellant on two counts of receiving stolen property in violation of R.C. 2913.51 and one count of falsification in violation of R.C. 2921.13 (Case No. 17CR-I-03-0154). Appellant was arrested and released on a recognizance bond. Thereafter, appellant failed to appear for a pretrial hearing scheduled for June 26, 2017, and the jury trial set for August 10, 2017.

{¶ 3} On November 11, 2017, the Delaware County Grand Jury reindicted appellant on the three original counts, plus two additional counts for failing to appear in violation of R.C. 2937.99 (Case No. 17CR-I-11-0620). Appellant was released on a recognizance bond and failed to appear for a pretrial conference scheduled for December 11, 2017.

{¶ 4} On January 3, 2018, the Delaware County Grand Jury indicted appellant on one count of failing to appear in violation of R.C. 2937.99 (Case No. 18CR-I-01-0002).

{¶ 5} A jury trial commenced on February 8, 2018. Appellant agreed to have all counts heard together. Prior to the jury being empaneled, appellee dismissed the two receiving stolen property counts in Case No. 17CR-I-11-0620. The jury found appellant guilty of the remaining four counts (falsification and failure to appear). By judgment entry filed February 9, 2018, the trial court sentenced appellant to an aggregate term of thirty-

six months in prison in Case No. 17CR-I-11-0620, and eighteen months in prison in Case No. 18CR-I-01-0002, to be served concurrently.

{¶ 6}   Appellant filed an appeal in each case and this matter is now before this court for consideration.  The identical assignments or error are as follows:

I

{¶ 7}   "APPELLANT'S CONVICTIONS SHOULD BE REVERSED BECAUSE APPELLANT'S TRIAL COUNSEL WAS DEFICIENT AT TRIAL, WITH RESULTING PREJUDICE."

II

{¶ 8}   "THE STATE'S EVIDENCE THAT PHELPS RECKLESSLY FAILED TO APPEAR AT HIS JUNE 26, 2017 AND AUGUST 10, 2017 COURT DATE WAS LEGALLY INSUFFICIENT AND WEIGHS HEAVILY AGAINST HIS CONVICTION."

I

{¶ 9}   In his first assignment of error, appellant claims he was prejudiced as a result of his trial counsel's deficiency.  We disagree.

{¶ 10} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2

O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 11} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388, 513 N.E.2d 754 (1987).

{¶ 12} Specifically, appellant claims his trial counsel was ineffective for failing to file a motion to suppress, failing to make a Crim.R. 29 motion for acquittal, and failing to object to "other acts" evidence.

MOTION TO SUPPRESS

{¶ 13} "[F]ailure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." *Kimmelman v. Morrison,* 477 U.S. 365, 384, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305, 325 (1986). "To demonstrate ineffective assistance for failing to file a motion suppress, a defendant must show: (1) a basis for the motion to suppress; (2) that the motion had a reasonable probability of success; and (3) a reasonable probability that suppression of the challenged evidence would have changed the outcome at trial." *State v. Clark,* 6th Dist. Williams No. WM-09-009, 2010-Ohio-2383, ¶ 21. An ineffective assistance of counsel claim will be rejected when counsel's failure to file a suppression motion "was a tactical decision, there was no reasonable probability of success, or there

was no prejudice," or where counsel could have reasonably decided that filing such a motion would have been futile, even if there is evidence in the record to support such a motion. *State v. White*, 4th Dist. Washington Nos. 17CA10& 17CA11, 2018-Ohio-18, ¶ 39, citing *State v. Nields*, 93 Ohio St.3d 6, 34, 752 N.E.2d 859 (2001).

{¶ 14} On February 13, 2017, Columbus Police Officer Nikolaos Velalis was dispatched to investigate a stolen vehicle found parked in the Polaris Mall parking lot, approximately 100 feet away from a Sears entrance. T. at 158-159. After identifying that the vehicle was indeed the reported stolen vehicle, Officer Velalis called for a tow truck to impound the vehicle. T. at 160-161. While waiting for the tow truck, Officer Velalis observed appellant exit the Sears store and walk to about the length of a row of cars away from the stolen vehicle. T. at 161-162. Appellant noticed officers near the vehicle, paused, turned around, walked back to the Sears store, and began pacing back and forth on the sidewalk looking at the ground. T. at 161-163.

{¶ 15} Based upon this behavior, Officer Velalis drove his cruiser over to appellant, exited his vehicle, and asked appellant his name and what he was doing there. T. at 163-164. Appellant provided a name and birth date to the officer and stated he was dropped off by a friend. T. at 164. Officer Velalis ran a check on the information to verify appellant's identity and to check for any outstanding warrants. T. at 165. The information came back as belonging to a real individual. T. at 166-167. Officer Velalis did not ask for or have appellant's driver's license in his possession. T. at 184-185. The whole records check took approximately twenty to thirty minutes. T. at 185. Officer Velalis remained suspicious due to appellant's behavior i.e., extremely nervous, vague answers to questions, not making much sense. T. at 167. He went up to appellant and asked him

"if he would give me the keys and make this easier for him and me." *Id.* Appellant then handed over the keys to the stolen vehicle. T. at 168. After appellant was placed under arrest, he provided the officer with his real name and birthdate. T. at 168-169.

{¶ 16} In keeping with the rights guaranteed under the Fourth Amendment to the United States Constitution, the United States Supreme Court has identified three different types of police-citizen encounters, consensual, investigatory, and arrest. *State v. Taylor,* 106 Ohio App.3d 741, 748-749, 667 N.E.2d 60 (2d Dist. 1995), citing *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). We are not concerned with reviewing an arrest encounter for this case.

{¶ 17} "Encounters are consensual where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away." *Taylor* at 747, 667 N.E.2d 60, citing *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). "The Fourth Amendment guarantees are not implicated in such an encounter unless the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter." *Id.* at 747-748, 667 N.E.2d 60.

{¶ 18} An investigatory stop is also known as a "*Terry* stop." In *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point

to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21, 88 S.Ct. 1868. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of the syllabus.

{¶ 19} From the limited information elicited during the jury trial, we cannot find any evidence to suggest that the encounter was anything but consensual. Although Officer Velalis drove his cruiser closer to the sidewalk where appellant was pacing back and forth, there is no evidence to suggest that he displayed or exercised any show of authority or force to compel appellant to speak with him. There is no evidence that the cruiser lights were on, that appellant's path was blocked or that he was patted down, that Officer Velalis issued any orders to appellant or drew his weapon, or that the officer informed appellant that he was not free to leave at any time. What we do know is that Officer Velalis did not ask for and retain appellant's identification. He merely asked appellant for his name and birthdate and went back to his cruiser to run a records check and then asked appellant for the keys to the vehicle. There is no indication that appellant asked to leave or stop the interaction with Officer Velalis. Appellant's encounter with the officer was completely voluntary.

{¶ 20} We find appellant has failed to show that a motion to suppress would have had a reasonable probability of success.

CRIM.R. 29 MOTION

{¶ 21} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following in pertinent part: "The court on motion of a defendant or on its own motion, after the

evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

{¶ 22} "While it is customary for defense counsel to make a motion for acquittal as a matter of course to test the sufficiency of the state's evidence, the failure to follow that course of action did not mean the performance of appellant's trial counsel fell below a reasonable standard of representation." *State v. Jenkins,* 6th Dist. Lucas No. L-97-1303, 1998 WL 161190, *5 (Mar. 31, 1998). "Moreover, counsel's failure to make a Crim.R. 29 motion for acquittal is not ineffective assistance of counsel where such a motion would have been fruitless." *State v. McCroskey,* 9th Dist. Wayne No. 96CA0026, 1997 WL 164322, *5 (Apr. 2, 1997).

{¶ 23} Appellant argues his trial counsel failed to move for acquittal on two of the failure to appear counts involving the June 26, and August 10, 2017 court dates. As will be further explored in Assignment of Error II, appellee's case-in-chief linked appellant to the complained of counts.

{¶ 24} We find defense counsel's failure to raise a Crim.R. 29 motion for acquittal would have been fruitless and did not constitute deficient performance.

OTHER ACTS EVIDENCE

{¶ 25} Evid.R. 404(B) governs the use of other crimes, wrongs or acts and states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 26} Appellant argues testimony regarding the underlying counts that were dismissed prior to trial (receiving stolen property), the commission of new crimes while out on bond, and general statements constituting propensity evidence caused unfair prejudice.

{¶ 27} Testimony regarding the investigation of a stolen vehicle was elicited to provide background information on why appellant was questioned which gave rise to the falsification count and the subsequent failure to appear counts on the recognizance bonds. Although the jury heard that appellant was initially charged with receiving stolen property, the jury also understood he was not standing trial for the offense. T. at 240, 320-321. In having the jury hear that appellant was initially charged with receiving stolen property in executing the recognizance bond, the jury was made aware that the underlying charge was a non-violent offense as opposed to speculating on what the original felony offense could have been. This defense counsel strategy does not give rise to a deficiency.

{¶ 28} Much of the complained of evidence was relevant to the failure to appear counts, and was in fact raised by appellant to defend against his "recklessness" in failing to appear i.e., was in jail on new charges in another county on one of the dates in question, rendering him unable to attend the court date. T. at 226, 245-247, 261-262, 265. Also, much of the complained of comments were made during closing argument which, as the trial court properly instructed the jury, does not constitute evidence. T. at 324. We do not find the comments rise to the level of prejudice to appellant.

{¶ 29} Further, the trial court instructed the jury on the use of other acts evidence, informing the jury not to draw any inferences for or against the defendant. T. at 293-295, 323-324, 326-327.

{¶ 30} We do not find any prejudice to appellant on the complained of other acts evidence.

{¶ 31} Upon review, we do not find any ineffective assistance of counsel.

{¶ 32} Assignment of Error I is denied.

II

{¶ 33} In his second assignment of error, appellant claims his convictions for failure to appear are against the sufficiency and manifest weight of the evidence. We disagree.

{¶ 34} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 35} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d

541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 36} Appellant challenges his convictions for failure to appear in violation of R.C. 2937.99 which states: "No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code." R.C. 2937.29 provides: "When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code."

{¶ 37} "In order to prove a breach of recognizance, the prosecution must show that the offender (1) was released on his own recognizance, and (2) recklessly failed to appear at the court proceeding as required by the Court." *State v. Platz,* 4th Dist. Washington No. 00CA36, 2001 WL 925410, *2 (Aug. 6, 2001); R.C. 2901.22(B). R.C. 2901.22(C) states:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

{¶ 38} Although appellant was convicted on three counts of failure to appear, appellant is only contesting his convictions for failing to appear for the June 26, 2017 pretrial hearing and the August 10, 2017 jury trial.

{¶ 39} Following his arrest, appellant was arraigned on May 11, 2017. Appellant was present in court with his attorney. T. at 191-192. Appellant was notified in open court that a pretrial hearing was scheduled for June 26, 2017, and a jury trial was scheduled for July 18, 2017. T. at 192, 195; State's Exhibit 2. The trial court released appellant on his own recognizance. T. at 196. Pursuant to the personal recognizance bond appellant signed, he promised in part to attend all court hearings, not violate the law, provide his current phone number and address to his attorney (as well as any updates if that information changes), and respond to any calls, letters, or messages from his attorney. T. at 197-198; State's Exhibit 3. At the bottom of the bond, appellant listed his address and telephone number.

{¶ 40} On June 26, 2017, appellant failed to appear for the scheduled pretrial hearing and as a result, the trial court issued an arrest warrant. T. at 199-200; State's Exhibit 4. Appellant appeared before the trial court for a hearing on July 18, 2017. T. at 201, 248. Pursuant to his attorney's request, the trial court continued the jury trial to August 10, 2017, and then reinstated appellant's recognizance bond. T. at 202; State's Exhibit 5. Again, appellant signed a personal recognizance bond with the identical promises listed above. T. at 203-204; State's Exhibit 6. However, appellant listed a different address at the bottom of the bond. The telephone number remained the same. Appellant failed to appear for the scheduled jury trial and again, the trial court issued an arrest warrant. T. at 205; State's Exhibit 7.

{¶ 41} Appellant's defense counsel at the time, Attorney Dominic Mango, testified he could not recall having any communications with appellant between the arraignment date and the date of the scheduled pretrial hearing. T. at 243-244. Attorney Mango testified he believed appellant was in the Lorain County Jail on the date of the pretrial hearing. T. at 245. A booking card admitted into evidence indicates appellant was booked into the Lorain County Jail on June 6, 2017, with a release date of July 24, 2017. T. at 246-247; Defendant's Exhibit A.

{¶ 42} Following appellant's appearance at the July 18, 2017 hearing during which the jury trial was rescheduled for August, Attorney Mango had sporadic communications with appellant, some phone and text messages. T. at 250. Attorney Mango sent a letter to appellant to the address he provided in his first bond to make sure he was aware of his court date, but the letter was returned as "not deliverable." T. at 250-252; Defendant's Exhibit B. Attorney Mango believed appellant did not have notice of the trial date. T. at 252.

{¶ 43} On cross-examination, Attorney Mango would not agree to open the letter to verify if it contained a notice of the court date, citing privileged communication. T. at 258-259. Attorney Mango had also sent letters to appellant at the Lorain County Jail and the Delaware County Jail. T. at 261-262. Attorney Mango agreed the one letter came back undeliverable, but all the other mail he had sent to appellant was not returned. T. at 261. Attorney Mango also agreed it was appellant's duty to provide him with an updated address. T. at 262. The aforementioned booking card informed appellant, "I will have opportunity to contact family or counsel." T. at 267; Defendant's Exhibit A. Attorney Mango did not recall personally having contact with appellant between the arraignment

date and the date of the pretrial hearing.  T. at 267-268.  He agreed when the date was set for the jury trial, appellant was put on notice of the date in open court.  T. at 274.

{¶ 44} In signing the recognizance bonds, appellant promised to 1) attend all court hearings which he did not do; 2) not violate the law which he did not do as evidenced by his booking card dated June 6, 2017; 3) provide updated contact information to his attorney which he did not do, even though he was able to have outside communication from jail; and 4) respond to any letters as sent from his attorney which he did not do. We find substantial evidence upon which the jury could reasonably conclude that appellant acted recklessly.

{¶ 45} Upon review, we find sufficient evidence to support the convictions, and do not find any manifest miscarriage of justice.

{¶ 46} Assignment of Error II is denied.

{¶ 47} The judgments of the Court of Common Pleas of Delaware County, Ohio are hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/db 117