[Cite as *State v. David*, 2024-Ohio-3288.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| NORMAN L. DAVIS | : | Case No. 23-COA-015 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 23-CRI-045


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                August 26, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER R. TUNNELL                    BRIAN A. SMITH
ANDRES R. PEREZ                           123 South Miller Road
110 Cottage Street                        Suite 250
Third Floor                               Fairlawn, OH  44333
Ashland, OH  44805

*King, J.*

{¶ 1}   Defendant-Appellant Norman Davis appeals the August 1, 2023 judgment of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 7, 2020, Ohio Highway Patrol Trooper James Speicher responded to a report of a road rage incident involving the brandishing of a firearm. Speicher located the vehicle which was the subject of the report, and followed it to a gas station where he initiated a traffic stop. Davis was behind the wheel and was alone. Speicher was joined by Sergeant Shane Morrow who was also responding to the call.

{¶ 3}   Speicher ordered Davis out of the car and noticed he had an empty gun holster and a magazine pouch on his hip. Speicher asked Davis if he had any weapons and Davis indicated there was a disassembled firearm in the car.

{¶ 4}   Troopers conducted a search of Davis' vehicle. A disassembled Glock 27 pistol was found on the driver's side floorboard and an AR15 was found under the rear seat covered with a blanket. Davis then advised troopers there was a third gun, a Glock 23 pistol, in the front center console. This gun was operable, loaded, and accessible to Davis.

{¶ 5}   Lee Eggeman, a firearms expert of the Ashland Police Department examined the AR15. He found the rifle was operable and fully automatic.

{¶ 6}   According to the parties herein, on March 11, 2021, in case number 21-CRI-047, the Ashland County Grand Jury returned an indictment charging Davis with one count of unlawful possession of a dangerous ordinance, a felony of the fifth degree, and

one count of improperly handling firearms in a motor vehicle, a misdemeanor of the fourth degree. At some later point, that matter was dismissed. That case has not been made part of the present appeal.

{¶ 7}   On February 17, 2023, as a result of the same incident, the Ashland County Grand Jury returned an indictment charging Davis as follows:

{¶ 8}   Count one, unlawful possession of a dangerous ordinance, specifically the AR15, a felony of the fifth degree;

{¶ 9}   Count two, improperly handling a firearm in a motor vehicle, specifically the Glock 23 found in the center front console, a felony of the fourth degree;

{¶ 10} Count three, improperly handling a firearm in a motor vehicle, specifically the disassembled Glock 27, a felony of the fourth degree.

{¶ 11} Davis opted to proceed to a jury trial which took place on May 23 and 24, 2023. After hearing the evidence and deliberating, the jury found Davis guilty of counts one and two and acquitted him of count three. Following a presentence investigation, Davis was sentenced to 120 days jail time, three years community control, and a $250 fine. The trial court suspended a 6-12-month prison sentence.

{¶ 12} Davis filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 13} "APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 14} "THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO FILE A MOTION TO DISMISS, ON STATUTORY SPEEDY TRIAL GROUNDS, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

III

{¶ 15} "THE FAILURE OF APPELLANT'S TRIAL COUNSEL TO FILE A MOTION TO SUPPRESS, IN CASE NUMBER 23-CRI-045, CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTUION."

I

{¶ 16} In his first assignment of error, Davis argues his convictions are against the manifest weight of the evidence. We disagree.

## Applicable Law

{¶ 17} Evidentiary claims that challenge the manifest weight of the evidence are reviewed under a different standard than sufficiency claims. Under the manifest weight standard of review, the reviewing court assesses all of the evidence admitted at trial to determine whether it agrees with the factfinder's resolution of conflicting evidence, sitting as a "thirteenth juror." *State v. Thompkins*, 1997-Ohio-52 at 386. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenges questions whether the State has met its burden of

persuasion." *Id.*, at 390.The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact to determine. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415 *(1997).* A reviewing court must decide whether the jury lost its way in assessing and weighing the credibility of witnesses and admitted evidence and thereby created a manifest miscarriage of justice.

{¶ 18} Davis first challenges his conviction for unlawful possession of a dangerous ordinance. He argues the evidence weighs against the jury's finding that the AR15 was "specially adapted or designed to fire a succession of cartridges with a single function of the trigger."

{¶ 19} In support of his argument Davis points to the poor condition of the weapon, the fact that the weapon had a third safety switch setting, Spicher's limited knowledge of AR15 rifles, and Eggeman's admission on cross examination that he is not a firearms technician and has not received specialized training in firearms repair.

{¶ 20} But the jury heard about the condition of the weapon. It also heard Trooper Speicher testify that he had knowledge of this particular firearm because he had owned one in his early 20's and ". . . knew a fully automatic rifle had a third setting." Transcript of Trial (T.) at 40, 92. The jury further heard from Sergeant Eggeman, who testified as a firearms expert and stated the third setting on this rifle permitted the weapon to fire fully automatically. T. 181.

{¶ 21} Counsel for Davis thoroughly cross-examined these witnesses regarding their qualifications and the condition of the AR15. The jury was free to assign whatever

weight it determined appropriate in assessing the qualifications of the Troopers and their credibility. Further, Davis presented no evidence to contradict the finding by both Speicher and Eggeman that the rifle was either adapted or designed to fire a succession of cartridges with a single function of the trigger.

{¶ 22} Upon review of the entire record, we find no evidence to support a conclusion that the jury lost its way in convicting Davis on count one, unlawful possession of a dangerous ordinance.

{¶ 23} Davis next appears to make a sufficiency argument rather than a manifest weight argument. He argues the state failed to prove count two because the "evidence failed to prove, beyond a reasonable doubt, that the firearm was "loaded" as required under R.C. 2923.16(B)." Appellant's brief at 10. Count two of the indictment pertained to the Glock 23 located in the center console of Davis' vehicle.

{¶ 24} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). It is axiomatic that the testimony of one witness is sufficient to prove any fact.

{¶ 25} Davis was convicted of one count of improperly handling a firearm in a motor vehicle pursuant to R.C. 2923.16(B). That section provides "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

{¶ 26} Davis alerted the troopers to the location of the Glock 23 stating there "might be one up in the center console." T. 137. When Sergeant Morrow recovered the weapon from the center console he found it was loaded, within reach of, and accessible to Davis. T. 138. Davis complains that this testimony was unclear because instead of specifically identifying the weapon, Morrow referred to the weapon as "it." Following a review of the relevant portions of Morrow's testimony, however, we find Davis' argument unpersuasive. The questioning was clearly regarding the weapon found in the center console of the vehicle and only one weapon was found in the center console – the Glock 23. Further, given the jury's decision to acquit Davis of count three involving the disassembled Glock 27, there is no evidence to support a conclusion that the jury was confused or lost its way in convicting Davis on count two of the indictment.

{¶ 27} The first assignment of error is overruled.

## II, III

{¶ 28} We elect to address Davis' second and third assignments of error together. In these assignments of error Davis argues his counsel rendered ineffective assistance because he failed to move to dismiss the matter on speedy trial grounds and because he failed to refile a motion to suppress in the current case. We disagree.

{¶ 29} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of

the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 30} Because there are countless ways to provide effective assistance in any given case, judicial scrutiny of a lawyer's performance must be highly deferential. *Strickland*, 466 U.S. 668 at 694. "Decisions on strategy and trial tactics are granted wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Quinones*, 2014-Ohio-5544 (8th Dist.) ¶ 18.

## Speedy Trial

{¶ 31} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus.

{¶ 32} First, although a defendant is barred from raising the issue of speedy trial for the first time on appeal, "[t]he failure to raise a valid defense may support a claim of ineffective assistance of counsel." *State v. Kole*, 92 Ohio St.3d 303 (2001). However, "the mere failure to raise the speedy-trial issue does not necessarily indicate a failure of proper representation because the objection may not have been meritorious, given the

opportunity for the state to possibly establish tolling." *State v. Turner*, 2006-Ohio-3786 (5th Dist.)

{¶ 33} Next, pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days after the person's arrest or the service of summons. Davis argues the speedy trial time accrued in case number 21-CRI-0047 is applicable to this case. Davis has not, however, made case number 21-CRI-0047 part of the record in this appeal. A claim requiring proof that exists outside of the trial record cannot appropriately be considered on a direct appeal. *State v. Hartman*, 93 Ohio St.3d 274, 299 (2001). We are therefore unable to conduct an analysis of Davis' speedy trial claim and reject the same.

Motion to Suppress

{¶ 34} Davis next argues his trial counsel in this matter should have refiled the suppression motion which was filed in case number 21-CRI-047. But trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). "To demonstrate ineffective assistance for failing to file a motion to suppress, a defendant must show: (1) a basis for the motion to suppress; (2) that the motion had a reasonable probability of success; and (3) a reasonable probability that suppression of the challenged evidence would have changed the outcome at trial." *State v. Phelps,* 2018-Ohio-4738, ¶ 13 (5th Dist.) quoting *State v. Clark,* 2010-Ohio-2383, ¶ 21 (6th Dist.). Accord *State v. Abass,* 2017-Ohio-7034, ¶¶ 39-40 (5th Dist.) (A failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted).

{¶ 35} Davis argues Troopers did not have probable cause to stop his vehicle or perform a warrantless search of his vehicle. He speculates, based on trial testimony in this matter, that his motion would have been successful. But trial testimony is quite different from testimony elicited during a suppression hearing as each has a different focus. The state was not required to elicit testimony during trial that would establish reasonable articulable suspicion to stop Davis, or an exception to the warrant requirement as these things were simply not relevant at trial.

{¶ 36} Further, per both parties, a motion to suppress was filed in case number 21-CRI-0047. Because that case has not been made part of the record on appeal, it is impossible for us to ascertain the grounds upon which the motion was filed or to review the testimony elicited at the suppression hearing. Based on the record before us, Davis cannot demonstrate a motion to suppress would have had a reasonable probability of success or that it would have changed the outcome of the trial.

{¶ 37} The second and third assignments of error are overruled.

{¶ 38} The judgment of the Ashland County Court of Common Pleas is affirmed.

By King, J.,

Delaney, P.J. and

Baldwin, J. concur.