[Cite as *State v. Nichols*, 2025-Ohio-3241.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,              :              No. 24AP-721
                                            (C.P.C. No. 21CR-3530)

v.                                                     :

                                                (REGULAR CALENDAR)

Michael A. Nichols,                                    :

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on September 9, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Benjamin A. Tracy*, for appellee.

**On brief:** *Michael A. Nichols*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, Michael A. Nichols, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of having weapons while under disability, with a firearm specification. For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} In August 2021, Nichols was indicted on one count of aggravated murder, with specifications, two counts of murder, with specifications, and one count of having weapons while under disability, with a firearm specification. The matter proceeded to trial in October 2023. On the first day of trial, a jury waiver as to the having weapons while under disability count, signed by Nichols, his counsel, the prosecutor, and the judge, was filed. Consequently, while the aggravated murder and murder counts were tried to the jury,

the having weapons while under disability count was tried to the court. As pertinent to this appeal, the following evidence was adduced at trial.

{¶ 3} On July 20, 2021, at 7:31 p.m., the City of Columbus' "ShotSpotter" system detected gunfire near 438 Columbiana Avenue, and Columbus police officers were immediately dispatched to respond. (Oct. 30, 2025 Tr. Vol. 3 at 346.) A few minutes later, D.M. called 9-1-1 and reported that someone had been shot. The police soon arrived and found Billy Sanders lying on the street in great pain from a gunshot wound to the stomach. D.M. told the police that he knew the victim, but that he did not see the shooting or know who shot the victim. Sanders was taken to the hospital, but he died a few hours later.

{¶ 4} D.M. testified at trial and admitted to repeatedly lying to the police after the shooting. He explained that he did not initially identify the shooter because he believed Sanders would survive, and then Sanders could decide whether to identify that person. He also was scared about retribution to him and his family. But after Sanders died, and D.M. was arrested on a parole violation, D.M. decided to be cooperative and truthful about his knowledge of what happened. At trial, D.M. indicated that before the shooting, Sanders and Nichols began to argue and eventually Nichols pulled out a firearm. D.M. tried to calm Nichols down, but Nichols "grabbed [Sanders] by the shirt and shot him in the stomach." (Tr. Vol. 3 at 273.) Nichols got in his car and drove away. D.M. admitted that, later that evening, he communicated with Nichols and warned him that the police were looking for him.

{¶ 5} Forensic testing on collected evidence was not helpful in identifying Sanders' shooter. No firearm or shell casing was recovered at the scene of the shooting. A spent bullet was recovered, however, from Sanders' clothing at the hospital, and days later, police seized a firearm at D.M.'s home. Ballistic testing was performed on the seized firearm, but it was determined that the spent bullet had not been fired from that weapon. The police also performed gunshot residue testing on D.M. within a few hours of the shooting, but it was negative.

{¶ 6} The parties stipulated that had the coroner testified, she would have indicated that Sanders' cause of death was a gunshot wound to the torso. They also stipulated that Nichols previously had been convicted of a felony offense of violence.

{¶ 7}   Following the presentation of evidence, the jury returned not guilty verdicts on the aggravated murder and murder counts.  The trial court then rendered a guilty verdict on the count tried to it, the having weapons while under disability charge, with the firearm specification.  Based on Nichols' conviction for having weapons while under disability, the trial court sentenced him to 36 months in prison, with an additional, consecutive 54 months for the attached firearm specification.

{¶ 8}   Nichols timely appeals.

## II.  Assignments of Error

{¶ 9}   In his original appellate brief, Nichols asserts the following sole assignment of error:

> The trial court erred when the guilty verdict returned by the trial court was against the manifest weight of the evidence in violation of Defendant-Appellant's due process rights under the United States Constitution and the Ohio Constitution.

{¶ 10} After Nichols' appellate counsel filed the original brief, and pursuant to Nichols' request, his counsel was removed, and he was granted leave to file an amended brief.  In his supplemental pro se appellate brief, Nichols assigns the following additional three assignments of error for our review:

> [I.] The trial court erred in convicting me of Weapons Under Disability (WUD) and the Gun Specification due to insufficient evidence.
>
> [II.] The trial court erred by relying solely on the testimony of [D.M.] to convict me without reviewing forensic evidence.
>
> [III.] The trial court erred by allowing me to waive my right to a jury trial without ensuring that the waiver was knowingly and voluntarily made in open court.

## III.  Discussion

{¶ 11} For ease of analysis, we first address Nichols' pro se third assignment of error, which alleges the trial court erred in finding he validly waived his right to a jury trial as to the having weapons while under disability charge.  We agree.

{¶ 12} "The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by

jury." *State v. Lomax*, 2007-Ohio-4277, ¶ 6, citing *Duncan v. Louisiana*, 391 U.S. 145 (1968). *See also* Ohio Const., art. I, § 5 (stating that "[t]he right of trial by jury shall be inviolate"). This right may be waived. Under Crim.R. 23(A), a defendant "may knowingly, intelligently and voluntarily waive in writing his right to trial by jury." Pursuant to R.C. 2945.05, "[s]uch waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof" and "must be made in open court after the defendant has been arraigned and has had [an] opportunity to consult with counsel." This means five conditions must be met for a jury waiver to be validly entered. The waiver must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *Lomax* at ¶ 9. The trial court must strictly comply with these requirements. *State v. Pless*, 1996-Ohio-102, ¶ 14.

{¶ 13} Nichols' challenge to the validity of his jury waiver centers on the "open court" requirement. Pursuant to this requirement, "there must be an oral acknowledgment by the accused, in open court, that he or she wishes to waive the right to a jury trial in order to comply with the requirements of R.C. 2945.05 and for the jury waiver to be valid." *State v. Banks*, 2019-Ohio-5440, ¶ 25 (10th Dist.). A jury waiver " 'may not be presumed from a silent record.' " *Id.*, quoting *State v. Osie*, 2014-Ohio-2966, ¶ 45. *See State v. Lucas*, 2025-Ohio-845, ¶ 20 (10th Dist.) (finding jury waiver to be invalid because transcript contained no acknowledgment by the defendant that he was waiving this right).

{¶ 14} Here, the record includes a written jury waiver signed by Nichols, his counsel, the trial prosecutor, and the trial judge. This waiver was filed on the first day of trial, October 30, 2023. The state acknowledges the transcribed record contains no in-court oral acknowledgement by Nichols that he wished to waive the right to a jury trial as to the weapons while under disability charge. Despite this omission, the state argues other facts belie Nichols' assertion that his waiver was not in open court. The state notes that a portion of the first day of trial's proceedings was, " 'at the request of counsel, . . . not transcribed and made a part of this record.' " (State's Brief at 22, quoting Tr. Vol. 1 at 18.) In full, the cited language states, "Thereupon, beginning at 1:02 p.m., voir dire was held on the record; however, at the request of counsel, it was not transcribed and made a part of this record." (Tr. Vol. 1 at 18.) The state also notes the trial court, after the jury rendered its guilty verdicts on the aggravated murder and murder charges, but before rendering its verdict on

the having weapons while under disability charge, twice stated that "the defendant in open court waived a trial by jury in writing and elected to be tried by the Judge" as to that charge. (Tr. Vol. 5 at 510.) Neither party objected to nor sought to correct the trial court's "open court" waiver statements. Consistent with the trial court's statements in court, the trial court's verdict on the charge at issue states in part that Nichols "in open court waived a trial by a jury." (Nov. 3, 2023 Court Verdict.)

{¶ 15} Citing *State v. Jenkins*, 2014-Ohio-1304, ¶ 22 (6th Dist.), the state argues that because the record suggests the waiver occurred in open court, and because a portion of the proceedings are omitted from the record, this court should presume the regularity of the proceedings. In *Jenkins*, the Sixth District Court of Appeals, based on the trial court's statement that the defendant "previously in open Court waived his right to a jury trial," and the filing of a written jury waiver "clearly indicat[ing] that the waiver had occurred prior to trial," "presume[d] the regularity of the manner in which the trial court accepted appellant's jury waiver," and therefore held "that his jury waiver was properly made in open court." *Id.* at ¶ 22. The state contends this court should adopt this reasoning, presume the regularity of the proceedings in this matter, and hold that Nichols' jury waiver was valid. We disagree.

{¶ 16} *Jenkins* is distinguishable as there is no "clear indication" that Nichols' jury waiver occurred prior to trial. Although the signatures are not dated, Nichols' written waiver was filed on the first day of trial, and the state suggests that this waiver may have occurred that day in open court during proceedings not transcribed for the record. But the transcript only indicates the omitted portion of the record related to voir dire, the process to select the jury. There is no indication Nichols waived his right to a jury during that process. And it is inconsequential that neither party corrected the trial court's twice-made statement (journalized in the filed court verdict form) that Nichols had waived, in open court, his right to a jury as to the charge at issue. These statements occurred after the jury returned its not guilty verdicts and was dismissed from the courtroom, and they do not change the fact that the transcribed record does not show the waiver actually occurred in open court. Because the record does not show that Nichols, in open court, orally acknowledged and waived his right to a jury, we find the trial court failed to comply with R.C. 2945.05, and, thus, Nichols' waiver was invalid.

{¶ 17} Accordingly, we sustain Nichols' pro se third assignment of error.

{¶ 18} In Nichols' pro se first and second assignments of error, he challenges the sufficiency of the evidence as to his conviction for having weapons while under disability, with a firearm specification. Our disposition of Nichols' third assignment of error requires a reversal of the trial court's judgment and remand for a new trial on this charge. This disposition does not, however, moot Nichols' pro se first and second assignments of error.

{¶ 19} "The United States Supreme Court has explained that 'any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense' is functionally an acquittal for purposes of double jeopardy and prevents retrial." *State v. Ramirez*, 2020-Ohio-602, ¶ 12, quoting *Evans v. Michigan*, 568 U.S. 313, 318 (2013). The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment and Article I, Section 10 of the Ohio Constitution, "ensures that a state may not put a defendant in jeopardy twice for the same offense." *State v. Anderson*, 2014-Ohio-542, ¶ 54, citing *Benton v. Maryland*, 395 U.S. 784 (1969). *See also State v. Mutter*, 2017-Ohio-2928, ¶ 15 ("[t]he protections afforded by the Ohio and United States Constitutions' Double Jeopardy Clauses are coextensive").

{¶ 20} Because reversal due to legally insufficient evidence bars retrial altogether under the Double Jeopardy Clause, "[a]n assignment of error challenging the sufficiency of the evidence is potentially dispositive of a defendant's conviction and may not be rendered moot by a remand on any other assignment of error." *State v. Gideon*, 2020-Ohio-6961, ¶ 2. Consequently, even though the invalidity of Nichols' jury waiver requires a remand for retrial on one count, we must review the sufficiency of the evidence because, if it was insufficient, a retrial as to that count would be barred under the Double Jeopardy Clause. *See* App.R. 12(A)(1)(c) ("[u]nless an assignment of error is made moot by a ruling on another assignment of error," a court of appeals shall "decide each assignment of error and give reasons in writing for its decision").

{¶ 21} In challenging the sufficiency of the evidence, Nichols argues the jury's not guilty verdicts on the aggravated murder and murder counts means the evidence was insufficient to convict him on the having weapons while under disability count. He also argues the testimony of D.M. indicating that he shot the victim was insufficient to prove this charge because the state did not present additional evidence corroborating that

testimony with forensic or other physical evidence connecting him to the firearm.  We are unpersuaded.

{¶ 22} Whether there is legally sufficient evidence to sustain a verdict is a question of law.  *State v. Thompkins*, 1997-Ohio-52, ¶ 23.  Sufficiency is a test of adequacy.  *Id.*  A conviction resulting from "legally insufficient evidence constitutes a denial of due process." *Id.*, citing *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).  The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt.  *State v. Mahone*, 2014-Ohio-1251, ¶ 38 (10th Dist.), citing *State v. Tenace*, 2006-Ohio-2417, ¶ 37.

{¶ 23} To prove Nichols committed the offense of having weapons while under disability, the state was required to show that Nichols knowingly acquired, had, carried, or used a firearm, and had been convicted of a felony offense of violence.  R.C. 2923.13(A)(2). To prove the gun specification, the state was required to show that Nichols had a firearm on or about his person or under his control while committing the charged offense and that he displayed, brandished, or indicated that he possessed the firearm, or used the firearm to facilitate the offense.  R.C. 2941.145.  Here, even though the jury found Nichols not guilty of committing one count of aggravated murder, and two counts of murder, each with specifications, including firearm specifications, the trial court found Nichols guilty of having weapons while under disability, with a firearm specification.

{¶ 24} Before reviewing the evidence pertinent to the challenged conviction, we address Nichols' assertion that because the jury did not believe the testimony of the state's central witness, D.M, and found him not guilty as to the aggravated murder and murder counts, D.M.'s testimony was insufficient to prove the charge decided by the trial court. This court previously has addressed, and rejected, this reasoning.  In *State v. Douthitt*, 2019-Ohio-2528, ¶ 10 (10th Dist.), this court explained that the trial court, as an independent factfinder on a gun count, was "not constrained by the jury's determinations on the murder counts."  No such limitation exists because "[c]onsistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others."  *State v. Trewartha*, 2005-Ohio-5697, ¶ 15 (10th Dist.).  *See State v. Smith*, 2014-Ohio-5443, ¶ 27 (10th Dist.) (jury verdicts of acquittal on

aggravated burglary, aggravated robbery, and kidnapping counts, did not preclude a conviction for having weapons while under disability); *State v. Webb*, 2010-Ohio-6122 (10th Dist.) (jury's failure to reach verdict on improper handling count does not undermine trial court's rendering of guilty verdict on having weapons while under disability count); *State v. Page*, 2012-Ohio-671 (10th Dist.) (affirming trial court's finding of guilt on weapon under disability charge notwithstanding jury's verdict of not guilty on aggravated robbery, attempted murder, and felonious assault). Thus, in a sufficiency analysis, the several counts of an indictment are reviewed independently. We therefore reject Nichols' argument that the jury's not guilty verdicts on the aggravated murder and murder counts must be considered in reviewing the trial court's verdict on the having weapons while under disability count.

{¶ 25} We also reject Nichols' sufficiency challenge premised on his argument that D.M.'s testimony was insufficient, as a matter of law, to prove the elements of the offense, because his testimony was not corroborated with forensic or other physical evidence. D.M. testified that Nichols pulled out a gun and shot Sanders, who later died from the wound. Additionally, the parties stipulated that Nichols previously had been convicted of a felony offense of violence. Despite this evidence, Nichols contends the evidence was insufficient to convict him of the offense because no firearm was recovered at the scene of the shooting, and because ballistic testing did not link the recovered bullet with any firearm. But Nichols' argument misses the mark. "The testimony of a single witness, if believed by the finder of fact, is sufficient to support a criminal conviction." *State v. Booker*, 2015-Ohio-5118, ¶ 18 (10th Dist.). *See State v. Davis*, 2024-Ohio-3288, ¶ 24 (5th Dist.) ("It is axiomatic that the testimony of one witness is sufficient to prove any fact."); *State v. Bradley*, 2020-Ohio-3460, ¶ 34 (8th Dist.) (a witness's testimony alone, if believed, is sufficient to convict someone of a crime). Therefore, we are unpersuaded by Nichols' argument that the absence of forensic or other physical evidence linking him to the fired weapon precluded his conviction. The testimony of D.M., if believed, combined with the stipulation, was sufficient to convict Nichols of one count of having weapons while under disability, with the firearm specification.

{¶ 26} For these reasons, we overrule Nichols' pro se first and second assignments of error.

{¶ 27}  Lastly, we address the sole assignment of error set forth in Nichols' original brief, which alleges that his having weapons while under disability conviction was against the manifest weight of the evidence.  Unlike the sufficiency challenge, this manifest-weight challenge is rendered moot by our determination that Nichols' jury waiver was invalid.  *See Gideon*, 2020-Ohio-6961 at ¶ 26 ("[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court."); *State v. Solt*, 2023-Ohio-2779, ¶ 20 (10th Dist.), and cases cited therein (holding that manifest-weight challenge was rendered moot by conclusion that trial court erred in conducting a bench trial without obtaining valid waiver).

{¶ 28}  Therefore, we find Nichols' original brief's sole assignment of error is moot.

**IV.  Disposition**

{¶ 29}  Having sustained Nichols' pro se third assignment of error, overruled his pro se first and second assignments of error, and found as moot his original sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas insofar as Nichols was convicted of one count of having weapons while under disability, with a firearm specification.  Therefore, this matter is remanded to that court for a new trial on that charge.

*Judgment reversed;*
*cause remanded.*

MENTEL and BOGGS, JJ., concur.